(158 App. Div. 208.)

### MILLER v. WILKE et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

LANDLORD AND TENANT (§ 124*)—WATER RENT—LIABILITY OF TENANT.

Premises supplied with the regular amount of water by the city were leased by the owner to a laundry. Water in excess of the regular amount allowed was used by the laundry in its business. *Held* that, the lease being silent on the subject, the tenant was liable for the excess water; it being an expense of the business.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Submission of controversy between Charles Miller and Robert F. Wilke and another.    Judgment for plaintiff.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Louis F. O'Neill, of Albany, for plaintiff.

Tracey, Cooper & Townsend, of Albany, for defendants.

JOHN M. KELLOGG, J.   The plaintiff rented to the defendants his premises, 792–794 Broadway, in Albany, with the buildings thereon.   The premises are supplied with city water, for which there is a regular charge against the premises of $4.05 for each six months.   In addition to this regular charge, which must be paid in any event, there are charges for excess water, depending upon the amount used.   Apparently, by the regulations of the water bureau, the water is metered to the premises at six cents per hundred cubic feet, from which is deducted the regular water rents on the building for the six months, and the difference represents the charge for excess water.   This excess water was consumed by the defendants for the purposes of their laundry business, carried on at said premises.   The regular water rents on the building and the excess water charges are liens against the property, and during the occupancy the excess water charges were $60.98, which defendants did not pay, and the plaintiff was required to pay to relieve his premises from the lien caused thereby.

The plaintiff claims judgment for that amount, with interest thereon from September 23, 1912.   The defendants ask a dismissal of the complaint.   Each party asks costs.   The plaintiff concedes his liability for the regular service charge made against the building each six months.   The lease being silent on the question of water rents, that charge was evidently a tax against the property which belonged to plaintiff to pay.   He has no relation to the excess water used in the laundry business; that was an expense of the business, and, like the soap used, must be supplied at the expense of the defendants using it.   Under the rules applicable to the city, plaintiff has been compelled to pay for water which the defendants used, and for which they are justly chargeable.   It was not a voluntary payment.

The plaintiff should therefore have judgment for the amount claimed, with interest and costs.   All concur.